J-A08028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISEAN ORON MCNEIL | |
| Appellant | No. 789 EDA 2016 |

Appeal from the Judgment of Sentence February 5, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003970-2015

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 12, 2017**

Isean McNeil appeals from his judgment of sentence entered in the Court of Common Pleas of Bucks County. McNeil contends police had no reasonable basis to stop his vehicle and no probable cause to arrest him. He also claims the trial court erred in allowing the Commonwealth to use a mannequin during closing arguments to display the clothing and gun, which were admitted into evidence, that were used during the robbery. After our review, we find no merit to McNeil's claims on appeal and, therefore, we affirm.

The trial court set forth the facts of this case as follows:

Officer John Catrombon, a thirteen year veteran of the Patrol Division of the Bensalem Township Police Department [] testified

_____

[*] Former Justice specially assigned to the Superior Court.

he was working on the evening of May 17, 2015, when Bucks County Radio dispatched information that an armed robbery had just occurred at a nearby 7-Eleven. Specifically, the recording of the initial broadcast indicated a white male wearing a black shirt just committed an armed robbery at 3627 Hulmeville Road and the suspect was armed with a shotgun and had taken cigarettes and money. Officer Catrombon was approximately two to four miles away from the 7-Eleven at the time of the dispatch. Immediately after receiving the dispatch, Officer Catrombon proceeded towards the 7-Eleven in his patrol vehicle. While *en route*, Officer Catrombon received additional information from Bucks County Radio that the suspect had fled southbound. Officer Catrombon testified he was aware other robberies had taken place at 7-Elevens in Bensalem Township less than a month before this robbery. He had observed photographs and video surveillance of these robberies and was aware the actor wore either a black [do-]rag and/or black wind mask over his face. From his initial location, Officer Catrombon made a left hand turn and proceeded east on Street Road. He then made a subsequent left hand turn to proceed north onto Hulmeville Road. The intersection of Street and Hulmeville Roads is approximately one mile from the 7-Eleven at issue. While making the left hand turn onto Hulmeville Road, Officer Catrombon observed one vehicle stopped at the traffic signal on Hulmeville Road facing southbound. Officer Catrombon testified he believed the driver of the stopped vehicle was a white male wearing a black shirt with a black [do-]rag on his head. Officer Catrombon also observed a second vehicle, specifically a tow truck, driving southbound on Hulmeville Road, but did not observe any other vehicles on the road. Officer Catrombon made a U-turn to pursue the vehicle at the traffic light. . . .

Officer Catrombon pulled over the vehicle and questioned the driver, later identified as [McNeil]. While questioning [McNeil], Officer Catrombon shined his flashlight into the vehicle and immediately notice a container containing marijuana in the center console and an empty gun holster on the floor behind the driver's seat. Officer Catrombon requested [McNeil] step out of the vehicle, and asked if he could search inside the vehicle for a shotgun, to which [McNeil] replied, "oh yeah sure." Officer Catrombon seized the marijuana from the center console and the empty holster from the back seat. Officer Catrombon asked [McNeil] about the gun holster, to which [McNeil] replied that it was for BB fun that was "gone, long gone." Officer Catrombon

also seized at least two packs of Newport cigarettes, a black hooded jacket, a black hat, and other clothing from the passenger compartment of [McNeil's] vehicle.

While Officer Catrombon searched the inside of the vehicle, Officer Bailey conducted a protective pat down search of [McNeil]. Officer Bailey testified he immediately noticed [McNeil] was visibly nervous and sweating. Officer Bailey seized crumpled cash and one pack of Newport 100 cigarettes from [McNeil's] left front pocket, and a second pack of Newport 100 cigarettes from [McNeil's] back pocket. Officer Bailey communicated through police radio with officers on scene at the 7-Eleven, who stated the cigarettes stolen during the robbery were packs of Newport 100 cigarettes. . . . The officers seized a BB gun and a black bandanna from the trunk. The BB gun had been altered to look like a true handgun.

Officer Crozier arrived at the scene after viewing video surveillance of the robbery at the 7-Eleven and identified [McNeil] as the perpetrator. Officer Crozier also informed the officers that the gun used in the robbery was a handgun, not a shotgun, and the actor in the video wore a hoodie. [McNeil] was then placed under arrest.[1]

Trial Court Opinion, 6/30/16, at 2-4 (citations and footnotes omitted).

Following a two-day trial, a jury convicted McNeil of robbery,[2] theft by unlawful taking,[3] receiving stolen property,[4] possessing instruments of

---

[1] Although the radio broadcast stated the suspect was a white male, McNeil is a light-skinned black male; the court noted that McNeil could easily be mistaken for a white male, and that both Officer Catrombon and the victim mistook him for a white male.

[2] 18 Pa.C.S.A. § 3701(a)(1).

[3] 18 Pa.C.S.A. § 3921(a).

[4] 18 Pa.C.S.A. § 3925(a).

crime,[5] simple assault[6] and possession of a small amount of marijuana for personal use.[7]   The court sentenced McNeil to an aggregate term of imprisonment of 11½ to 23 years.  McNeil filed a motion to modify sentence, which the court denied.   McNeil appealed.   He raises three issues for our review:

1. Whether the court erred in denying [McNeil's] motion to suppress because there was no legal basis for the vehicle stop and thus anything found subsequent to the stop should have been suppressed.

2. Whether the court erred in denying [McNeil's] motion to suppress because there was no probable cause to arrest [McNeil].

3. Whether the sentencing court erred in allowing the Commonwealth to use demonstrative evidence not previously introduced at trial, specifically a mannequin, in its closing argument, over defense counsel's objection.

Appellant's Brief, at 5.

> Our standard of review of a denial of suppression is whether the record supports the [suppression] court's factual findings and whether the legal conclusions drawn therefrom are free from error.  Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

[5] 18 Pa.C.S.A. § 907(a).

[6] 18 Pa.C.S.A. § 2701(a).

[7] 35 P.S. § 780-113(a)(31)(i).

*Commonwealth v. Galendez*, 27 A.3d 1042, 1045 (Pa. Super. 2011) (en banc) (citation omitted).

Based on the description given in the initial radio dispatch reporting an armed robbery as well as McNeil's proximity to the scene of the crime, Officer Catrombon had reasonable suspicion to stop McNeil's vehicle and investigate. Officer Catrombon was justified in believing that McNeil was involved in the robbery and that he was armed and dangerous. *See* Trial Court Opinion, 6/30/16, at 6-11. *See also Commonwealth v. Cruz*, 21 A.3d 1247, 1250 (Pa. Super. 2011) ("Police are justified in stopping a vehicle when relying on information transmitted by a valid police bulletin.").

Further, Officer Catrombon had probable cause to justify McNeil's arrest. Considering the totality of the circumstances, in particular, the crumpled cash and the type of cigarettes reported stolen at the 7-Eleven, Officer Catrombon's observation of an empty holster in McNeil's car, and the BB-gun found in the trunk of the car, Officer Catrombon had probable cause to believe McNeil was the perpetrator of the 7-Eleven robbery. *See* Trial Court Opinion, 6/30/16, at 11-12. *See also Commonwealth v. Simmen*, 58 A.3d 811, 817 (Pa. Super. 2012) (facts and circumstances within police officer's knowledge and of which officer has reasonably trustworthy information are sufficient themselves to warrant person of reasonable caution in belief that offense has been committed by person to be arrested).

Finally, we find no abuse of discretion in the trial court's decision to allow the Commonwealth, during closing argument, to display the clothing

admitted into evidence on a mannequin.[8]   The jury was able to view this and compare it to the still image of the perpetrator taken from the 7-Eleven video surveillance during the robbery.  **See** Trial Court Opinion, 6/30/16, at 13-14.  **See also Commonwealth v. Pelzer**, 612 A.2d 407, 412 (Pa. 1992) (permission to use visual aids to assist jury in understanding evidence is within sound discretion of trial judge).

In summary, the suppression court's findings and conclusions are supported in the record, and the trial court did not abuse its discretion in allowing the Commonwealth to use a visual aid during closing argument. We rely on the thorough opinion authored by the Honorable Raymond F. McHugh to affirm the judgment of sentence, and we ask the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017

---

[8] McNeil mischaracterizes the mannequin as "demonstrative evidence."  The mannequin was not admitted into evidence, but was used as a visual aid during the Commonwealth's closing argument.